IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| DOROTHY A. LAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:21-cv-00057 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STEVE SHAFFER, | ) | By:  Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

On August 20, 2021, Plaintiff Dorothy Lam, proceeding *pro se*, filed a complaint against Defendant Steve Shaffer, alleging violations of 42 U.S.C. § 1983. Specifically, Lam claims that Shaffer violated her First and Fourteenth Amendment rights when he deleted Lam's Facebook comments and blocked her from his "Steve Shaffer for Dist. 4 School Board" Facebook page. This matter is before the court on Shaffer's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 5).[1] For the reasons below, the court will grant Shaffer's motion to dismiss as to each claim.

## I. BACKGROUND

Shaffer and Lam are both residents of Shenandoah County, Virginia. Shaffer is the administrator of the page "Steve Shaffer for Dist. 4 School Board."[2] (ECF No. 1, at 4.) In

---

[1] Shaffer filed a second motion to dismiss (ECF No. 10) on November 4, 2021, asking the court to dismiss Lam's request for injunctive relief as moot because Shaffer lost his school board election. Because the court dismisses Lam's complaint based on its merits and the arguments Shaffer presented in the original motion to dismiss, it will deny this motion as moot.

[2] The Facebook page has previously had other names such as "Steven P. Shaffer for Dist. 4 Supervisor" and "Shaffer says #voteforkarl Dist. 4 Supervisor." (ECF No. 1 at 4.) The page has been entitled "Steve Shaffer for Dist. 4 School Board" since May of 2021. (*Id.* at 5.)

June 2021, Lam posted comments on this Facebook page about Shaffer's "allegations he is a teacher and leader in the school and has been for 11 years, his views on the new transgender policy, his business ventures, and the promotion of his candidacy by the Shenandoah County Public Schools on their Facebook Page." (*Id.*) Lam claims that Shaffer deleted her comments, blocked her ability to make comments in the group, and prevented her from viewing comments on his other posts. (*Id.* at 6).

Lam brought this lawsuit under 42 U.S.C. § 1983, alleging that Shaffer's actions violated her First Amendment[3] and Fourteenth Amendment rights. Lam seeks monetary damages and injunctive relief.  Shaffer filed a motion to dismiss, asserting that he was not a government official when he allegedly deleted Plaintiff's comments and blocked her from his page and therefore that he could not have acted under color of law. (ECF No. 5, at 2).

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations,"

---

[3] Lam also asserts a violation of Article I, section 12 of the Virginia Constitution, which is Virginia's analogue to the First Amendment of the federal Constitution. Because the Supreme Court of Virginia has held that Article I, section 12 of the Virginia Constitution is "coextensive with the free speech provisions of the federal First Amendment," the court analyzes these claims together. *Elliott v. Commonwealth*, 267 Va. 464, 593 S.E.2d 263 (2004).

complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

To allow for the development of a potentially meritorious claim, federal courts have an obligation to construe *pro se* pleadings liberally. *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (alteration original). Nevertheless, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action." *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999).

## III. ANALYSIS

Shaffer asserts that Lam's claims should be dismissed because he was not a government official and therefore was not acting under color of law. (*See* ECF No. 5.) The court agrees and will grant the motion.

Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ..., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C. § 1983 (2018). "The traditional definition of acting under color of state law requires that a § 1983 defendant have exercised power 'possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "[T]he under color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Mentavlos v. Anderson,* 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 50 (1999)). The inquiry into whether an actor is a state actor is "necessarily fact-bound," and on occasion, private action may constitute state action. *Id.* at 311 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "What is fairly attributable [to the state] is a matter of normative judgment, and the criteria lack rigid simplicity." *Holly v. Scott*, 434 F.3d 287, 292 (4th Cir. 2006) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n,* 531 U.S. 288, 295 (2001)). It is well-established that a private individual may be considered a state actor under the following scenarios:

> (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen.

*Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993).

Shaffer's alleged conduct does not fall into any of these categories and is otherwise not state action under § 1983. There is no indication that the state coerced or directed Shaffer, who was a private citizen and a candidate for public office, to act in blocking Lam, let alone that the state was even aware of Shaffer's actions.[4] Lam also does not allege that the state delegated a "traditionally and exclusively public function" to Shaffer, or that the state

---

[4] Indeed, Shaffer lost the election and did not become an elected official. (ECF No. 10).

"committed an unconstitutional act in the course of enforcing a right of a private citizen." *See id.* As such, Shaffer's conduct as a private citizen cannot fairly be attributed to the state.

And the fact that Shaffer was seeking elected office does not change the outcome. As the Eight Circuit recently noted, social media accounts created by political candidates "overwhelmingly for campaign purposes" are not used "as a tool of governance" sufficient to constitute official state action. *Campbell v. Reisch*, 986 F.3d 822, 825 (8th Cir. 2021) (citing *Davison v. Randall*, 912 F.3d 666, 679–80 (4th Cir. 2019)). "Indeed, it seems safe to say that someone who isn't a public official cannot create an official governmental account." *Id.* at 826. In *Campbell*, the candidate was subsequently elected to public office, but the court nonetheless determined that the "mere fact of [a political candidate's] election did not magically alter the account's character . . . ." *Id.* ("A private account can turn into a governmental one if it becomes an organ of official business, but that is not what happened here.").

The same is true of Shaffer. He was a private party at the time he blocked Lam, and Lam has not alleged any facts which would permit the court to find that his private conduct, even if it was undertaken in pursuit of elected office, was state action. *See Andrews*, 998 F.2d at 217. Accepting as true all of Lam's allegations, the court finds she has failed to state a claim upon which relief can be granted because Shaffer did not act under color of law. The court will therefore grant Shaffer's motion to dismiss.

## IV.

Lam's complaint fails to state a claim upon which relief can be granted. Accordingly, Shaffer's motion to dismiss (ECF No. 5) will be granted. Shaffer's second motion to dismiss (ECF No. 10) will be denied as moot.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

      **ENTERED** this 1st day of December, 2021.

                                      */s/ Thomas T. Cullen*
                                        HON. THOMAS T. CULLEN
                                        UNITED STATES DISTRICT JUDGE